IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,

v.

BRIAN CLAY,

Defendant.

Criminal Action No.
08-CR-555 (NAM)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SENTENCING MEMORANDUM OF THE UNITED STATES

**I.**     **INTRODUCTION**

On January 13, 2009, defendant BRIAN CLAY entered a plea of guilty to Count 1 of Indictment 08-CR-555, charging him with the felony offense of knowingly receiving child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(2)(A). The United States submits this Memorandum pursuant to the Uniform Presentence Order issued by the Court on in anticipation of sentencing, which is scheduled for May 11, 2009.

This Memorandum addresses the Presentence Investigation Report only as no objections or arguments relating to sentencing have yet been made by the defendant. The Government reserves its right to respond, in writing, to any objections or arguments that may be raised by the defendant prior to sentencing.

If the Court is considering a departure from the applicable U.S. Sentencing Guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

**II.     PLEA AGREEMENT**

There is no plea agreement in this case.

**III.    PRESENTENCE REPORT**

    **A.     Factual Findings**

The United States adopts the facts set forth in the Presentence Investigation Report submitted by the United States Probation Office on April 1, 2009, with the following clarification: according to forensic examination done by the NYSP Computer Crimes Unit, CLAY had the sharing feature of his peer to peer software turned off. As such, although he was able to download through the software, other users could not upload from him. At the time of the undercover operation that revealed CLAY as a target, NYSP Inv. Peter Mullins discovered, through what is known as a "SHA1 digital signature" that CLAY's computer was hosting a video known to contain child pornography he did not download that video directly from CLAY. Accordingly, based upon this unique set of factors, CLAY's activities do not meet the Guidelines definition of distribution.

    **B.     Calculation of the Sentencing Guidelines Range**

The United States adopts the criminal history score set forth in the Presentence Investigation Report, in all respects.

**IV.    MOTIONS, APPLICATIONS AND REQUESTS OF THE UNITED STATES**

    **A.     Motion for Additional Reduction for Acceptance of Responsibility**

Pursuant to U.S.S.G. § 3E1.1(b), the United States moves for an additional (third) offense level reduction for "acceptance of responsibility." The defendant timely notified the authorities of his intention to plead guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

  **B.**  <u>Ex Parte Communications With The Court</u>

The United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with the sentencing in this case, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

**V.**  <u>GOVERNMENT'S RECOMMENDATION WITHIN GUIDELINES RANGE</u>

In determining a sentence consistent with the Supreme Court's guidance in *United States v. Booker,* 543 U.S. 220, 259-260 (2005), the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006). The Sentencing Reform Act

> requires judges to consider the Guidelines "sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant," [18 U.S.C.] § 3553(a)(4), the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims, §§ 3553(a)(1), (3), (5)-(7) (main ed. and Supp. 2004). And the Act . . . requires judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care. § 3553(a)(2) (main ed. and Supp. 2004) * * *.

*Booker,* 543 U.S. at 259-260.

The government respectfully contends that a sentence within the defendant's Guidelines range, of from 97 - 121 months, is "sufficient, but not greater than necessary," to take into account all of the relevant sentencing factors, 18 U.S.C. § 3553(a), as they represent an individualized assessment of his criminal activity.

CLAY's Guidelines range results from an assessment of his collection of child pornography- the young age of the children involved, the volume of pornography he collected, and the sadistic

violent behavior depicted therein. For example, one video, entitled, "hot spermed little girls mix (porno-lolitas-preteens-reelkiddymov-r@ygold-hussyfans-underage-girls-children-pedofilia-pthc-ptsc-xxx-sexy).mpg" contains a compilation of video clips, each of which shows a different prepubescent female child being ejaculated on by adult males. Some of the children are very young, some are blindfolded, and in most of the clips the adult male ejaculates into the child's mouth. Of the remaining videos in the defendant's collection, 9 titles contain the purported ages of the children depicted:

- one indicates that the children are "3-4yo" and the lengthy title includes the following description: "Pedo FuX Makes A Childs Cute Peepee Orgasm's Happen-Precious_!! Kids NEED Sex TOO_!!";
- one that the child is "5yo;"
- one that the child is "9yo;"
- one title includes the description "3 Preteen slutty girls abt. 10 yo (12 - 14y) having fun with man, suck, facial at end;"
- three of the movies claim the children depicted are 11 years old;
- one movie claims the children to be 12 - 14 years old; and
- one is entitled "Pthc 13Yo Boy 10Yo Sister Incest Brazil."

A tenth movie file contains the description "Underage-Girls-Children-Pedofilia-Pthc-Ptsc-Xxx-Sexy."

The National Center for Missing and Exploited Children has compared CLAY's collection with their Child Recognition and Identification System. NCMEC found that 12 clips in the compilation video file depict 7 known child victims; and that 2 of the other video files and 5 of the

image files also contain depictions of child victims who have been identified by law enforcement in numerous different investigations worldwide.

"[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, __ U.S. __, 128 S. Ct. 558, 574 (2007); *see United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.")  Indeed, the Supreme Court has held that, on appeal, a within-Guidelines sentence may be presumed to be reasonable. *Rita v. United States*, __ U.S. __, 127 S. Ct. 2456 (2007).  This is because "the sentencing statutes envision both the sentencing judge and the [Sentencing] Commission as carrying out the same basic § 3553(a) objectives." *Rita*, 127 S. Ct. at 2463.  "An individual judge who imposes a sentence within the range recommended by the Guidelines thus makes a decision that is fully consistent with the Commission's judgment in general." *Id*. at 2465.  Further, within-Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act -- "to diminish unwarranted sentencing disparity." *Rita*, 127 S. Ct. at 2467.

The Supreme Court has recognized that "it is uncontroversial that a major departure should be supported by a more significant justification than a minor one." *Gall v. United States*, __ U.S. __, 128 S. Ct. 586, 597 (2007).  If the court decides to impose a non-Guidelines sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.*

Although a sentencing court may vary from a Guideline range based on a policy disagreement with the Guidelines, such a deviation is not entitled to the same deference as a fact-based deviation.

> [A] decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case "outside the 'heartland' to which the Commission intends individual Guidelines to apply." (citation omitted). On the other hand, while the Guidelines are no longer binding, closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range "fails to properly reflect § 3553(a) considerations" even in a mine-run case.

*Kimbrough*, 128 S. Ct. at 574-75 (citations omitted). A non-Guidelines sentence "that rests primarily upon factors that are not unique or personal to a particular defendant, but instead reflects attributes common to all defendants" is "inherently suspect." *Rattoballi*, 452 F.3d at 133 (reliance on "indignity and ill-repute associated with criminal conviction," common to all convicted felons, is contrary to § 3553(a)(6), "which calls for a reduction in unwarranted disparities among similarly situated defendants").

Morever, the Second Circuit has held that a sentencing court cannot "import [its] own philosophy of sentencing if it is inconsistent with the § 3553(a) factors." *Rattoballi*, 452 F.3d at 132 (internal quotation marks and citation omitted). A sentence may be unreasonable if the court "relies on factors incompatible with the Commission's policy statements . . . in the absence of persuasive explanations as to why the sentence actually comports with the § 3553(a) factors." *Rattoballi*, 452 F.3d at 134, 135-36 (vacating a sentence of probation and home confinement as unreasonable when district court appeared to have overlooked or ignored policy statements that "make plain that imprisonment is generally warranted for antitrust offenders").

The government objects to the imposition of a sentence below the Guidelines range as calculated in the Presentence Investigation Report. The record reveals no mitigating factors not adequately considered by the Sentencing Commission that would remove this case from the "mine-run" of similar cases, *see Rita*, 127 S. Ct. at 2465. Considering all of the factors set forth in 18

U.S.C. § 3553(a), a sentence within the Guidelines range in this particular case would be sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in Section 3553(a)(2).

## VI. PROCEDURAL REQUIREMENTS FOLLOWING *BOOKER*

### A. Calculation of the Guidelines Range

The court "should begin all sentencing proceedings by correctly calculating the applicable guidelines range." *Gall*, 128 S. Ct. at 596 (2007). "An error in determining the applicable Guideline range . . . would be the type of procedural error that could render a sentence unreasonable under *Booker*." *United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir. 2005), *citing United States v. Rubenstein*, 403 F.3d 93, 98-99 (2d Cir.), *cert. denied*, 546 U.S. 876 (2005).

Prior to sentencing, the Court must resolve any material issues of fact, and must state its factual findings – by adoption of the Presentence Report or otherwise – on the record in a manner sufficient to permit appellate review. *See, e.g., United States v. Jeffers,* 329 F.3d 94, 101-02 (2d Cir. 2003); *United States v. Ben-Shimon,* 249 F.3d 98, 103 (2d Cir. 2001). The Court is authorized to make all factual determinations relating to the Sentencing Guidelines by a preponderance of the evidence, considering any reliable evidence, including hearsay. *See United States v. Gonzalez*, 407 F.3d 118, 125 (2d Cir. 2005) (the power of district judges to resolve disputed facts by a preponderance of the evidence at sentencing survives *Booker*); *United States v. Martinez*, 413 F.3d 239, 243 (2d Cir. 2005) (neither *Booker* nor *Crawford v. Washington*, 541 U.S. 36 (2004), bars judicial consideration of hearsay at sentencing), *cert. denied,* 546 U.S. 1117 (2006); *United States v. Crosby*, 397 F.3d 103, 112, 113 (2d Cir. 2005). "A sentencing judge would . . . violate [18 U.S.C. §] 3553(a) by limiting consideration of the applicable Guidelines range to the facts found by the jury

or admitted by the defendant, instead of considering the applicable Guidelines range, as required by subsection 3553(a)(4), based on the facts found by the court." *Crosby,* 397 F.3d at 115.

### B.    Consideration of the Sentencing Guidelines and the § 3553(a) Factors

Although the Sentencing Guidelines are no longer mandatory, "*Booker* did not signal a return to wholly discretionary sentencing." *Rattoballi*, 452 F.3d at 132. The Second Circuit has cautioned:

> [I]t would be a mistake to think that, after *Booker/Fanfan*, district judges may return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum. On the contrary, the Supreme Court expects sentencing judges faithfully to discharge their statutory obligation to "consider" the Guidelines and all of the other factors listed in section 3553(a).  We have every confidence that the judges of this Circuit will do so, and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice.

*Crosby*, 397 F.3d at 113-114.

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" for a sentence. *Gall*, 128 S. Ct. at 596. The Guidelines, which were fashioned after careful consideration of the other § 3553(a) factors, "cannot be called just another factor in the statutory list, 18 U.S.C. § 3553(a), because they are the only integration of the multiple factors and, with important exceptions, their calculations were based upon the actual sentences of many judges." *Rattobolli*, 452 F.3d at 133 (citations and internal quotation marks omitted); *Gall*, 128 S. Ct. at 594 (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions").

C.    **Statement of Reasons for the Sentence**

Section 3553(c) requires the district court, "at the time of sentencing," to "state in open court the reasons for its imposition of the particular sentence." "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require a lengthy explanation." *Rita*, 127 S. Ct. at 2469. Still, "[w]here a prosecutor or defendant presents non-frivolous reasons for imposing a different sentence, . . . the judge will normally . . . explain why he has rejected those arguments." *Id*.

Greater specificity is required for: (1) sentences within a Guidelines range that exceeds 24 months – for which the court must state "the reason for imposing a sentence at a particular point within the range" (18 U.S.C. § 3553(c)(1)); and (2) sentences outside the Guidelines range – for which the court must state orally and in the written judgment "the specific reason" for the imposition of the sentence (18 U.S.C. § 3553(c)(2)). *See*, *e.g.*, *United States v. Lewis*, 424 F.3d 239, 249 (2d Cir. 2005) (remanding because, in imposing a sentence for supervised release violation, the district court failed to state sufficient reasons for imposing a sentence outside the range recommended by Guidelines policy statements); *United States v. Goffi*, 446 F.3d 319, 321-22 (2d Cir. 2006) (remanding for the district court to amend the written judgment to state the specific reason for the imposition of a sentence outside of the policy statement for a probation violation).

When a sentence deviates significantly from the Guidelines, and the judge has not made a compelling statement of reasons, the Second Circuit "may be forced to vacate" if "the record is insufficient, on its own, to support the sentence as reasonable." *Rattoballi*, 452 F.3d at 135.

> Judicial decisions are reasoned decisions. Confidence in a judge's use of reason underlies the public's trust in the judicial institution. A public statement of those reasons helps provide the public with the assurance that creates that trust.

*Rita,* 127 S. Ct. 2468.

## VII. GOVERNMENT'S POSITION REGARDING REMAND

Pursuant to the provisions of 18 U.S.C. § 3143(b)(2), continued remand of the defendant immediately after sentence is required.

## VIII. CONCLUSION

For all of the reasons set forth above, the United States respectfully contends that the Guidelines sentencing range of 97 - 121 months is appropriate, as it is "sufficient, but not greater than necessary" to achieve the goals of sentencing.

Dated: May 4, 2009               Respectfully submitted,

ANDREW T. BAXTER
United States Attorney

/s/
By: Lisa M. Fletcher
Assistant U. S. Attorney
Bar Roll No.  510187

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

******************************************

UNITED STATES OF AMERICA,

      V.

                                                            08-CR-555 (NAM),

BRIAN CLAY,
               Defendant,

******************************************

      I hereby certify that on May 4, 2009, I electronically filed the **GOVERNMENT'S SENTENCING MEMORANDUM** with the Clerk of the District Court using the CM/ECF system.

James F. Greenwald, Esq.

                                                                     /s/
                                                     Tayler M. Robinson