**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

**v.**                                                    **5:08-CR-555 (NAM)**

**BRIAN CLAY,**

                        **Defendant.**

---

**APPEARANCES:**

Lisa M. Fletcher
Office of the United States Attorney
100 South Clinton Street
Syracuse, NY 13261
*Attorneys for the Government*

Brian Clay
1323 State Route 12B
Apartment 1
Hamilton, NY 13346
*Defendant Pro Se*

**Hon. Norman A. Mordue, Senior United States District Court Judge**

**ORDER**

Now before the Court is Defendant's *pro se* motion for early termination of

supervised release.  (Dkt. No. 38).  As background, Defendant pleaded guilty to Receipt of

Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and on May 27, 2009, the

Court sentenced him to 70 months in prison, to be followed by lifetime supervised release.

(Dkt. No. 34).  Defendant has been on supervision since January 31, 2014.

In support of early termination, Defendant states that he has complied with all the

conditions of supervision and is committed to a life free of crime.  (Dkt. No. 38).

Defendant points out that he has completed programs for substance abuse and sex offender

treatment, and he is statistically at a low risk to re-offend.  Defendant also states that he has maintained employment as a skilled welder and has been offered a well-paying job that would involve working on-location at places far outside the Northern District.  Defendant asserts that he cannot take the job due to his supervision.  Defendant also states that he lives with his long-term girlfriend and has strong support from his family.  In sum, Defendant asserts that he is rehabilitated and ready to move on with his life.

Defendant's motion is governed by 18 U.S.C. § 3583(e), which provides that, after one year of supervision, the Court may terminate a defendant's term of supervised release if it "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).

The Court commends Defendant on his conduct and overall efforts at rehabilitation.  The Court is aware that he has made progressive strides over the last six years, including completion of sex offender treatment, steady employment as a skilled welder, and a stable relationship with his girlfriend—with whom he recently welcomed a daughter.  However, given the nature of Defendant's offense, the Court believes that he would continue to benefit from supervision.  Notably, Defendant has been referred back to sex offender treatment to help promote a healthy transition into his new role as a father.  (Dkt. No. 39).

Therefore, after careful consideration of all the facts and the factors in 18 U.S.C. § 3553(a), the Court finds that Defendant's motion for early termination is premature, and that supervision continues to serve the purpose of rehabilitation.  Defendant may renew his motion once he completes the additional sex offender treatment and establishes a safe and nurturing relationship with his daughter.

Wherefore, it is hereby

**ORDERED** that Defendant's motion for early termination of supervision (Dkt. No. 38) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve copies of this Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Date:   July 10, 2020
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

3