

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,
            Plaintiff,                       Case No. 5:08-CR-555(NAM)

v.

BRIAN CLAY,
            Defendant.

---

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

**NOW COMES** BRIAN CLAY, motioning this Court *in propria persona* (*pro se*) to terminate the imposed term of supervised release, reducing such to a "time already served" duration. This request is made pursuant to title 18 United States Code §3583(e) and Federal Rules of Criminal Procedure 32.1(c). Under the same rule of criminal procedure, no hearing is requested in this matter.

    This document complies with Local Rules 5.1, 7.1, & 10.1, and what follows is a concise memorandum of case history, points of authority, policy and argument to justify the request sought herein. It is written in double-space, 13-point Times New Roman and less than twenty-five (25) pages long.

## I. CASE HISTORY

On May 27, 2009 I was sentenced to 70 months in prison after pleading guilty to one count of Receipt of Child Pornography, a violation of 18 U.S.C. §2252(a)(2)(A). Dkt. Ent. 34. I was sentenced to a lifetime term of supervised release after my release from prison as available under 18 U.S.C. §3583(k).

I was released from custody of the BOP to the jurisdiction of the United States Probation Office January 31, 2014. I have completed almost 10 years of supervision. I applied for early termination of my supervised release term twice, the first was about four years ago and the second about three years ago.

Doc. 38. That first request was denied by this Court [Doc. 41], stating:

> "The Court commends Defendant on his conduct and overall efforts at rehabilitation. The Court is aware that he has made progressive strides over the last six years, including completion of sex offender treatment, steady employment as a skilled welder, and a stable relationship with his girlfriend— with whom he recently welcomed a daughter. However, given the nature of Defendant's offense, the Court believes that he would continue to benefit from supervision. Notably, Defendant has been referred back to sex offender treatment to help promote a healthy transition into his new role as a father. (Dkt. No. 39).

> "Therefore, after careful consideration of all the facts and the factors in 18 U.S.C. §3553(a), the Court finds that Defendant's motion for early termination is premature, and that supervision continues to serve the purpose of rehabilitation. Defendant may renew his motion once he completes the additional sex offender treatment and establishes a safe and nurturing relationship with his daughter." *Id.* At 2.

The second request was denied by this Court [Doc. 44], stating:

> "The Court commends Defendant for his compliance and progress, but finds that supervision continues to serve the purpose of rehabilitation. Defendant is encouraged to

continue his positive efforts and may seek termination of supervision once he Completes Ten years of his lifetime term. "

Thus, I have now spent ten years making sure that my conduct and rehabilitation were

satisfied before making this request again.

## II  JURISDICTION

This Court had and maintains jurisdiction of this case from pretrial, and now during my supervision phase.

## III  PRIOR ARGUMENTS

As requested by the USPO, and required by this Court, I returned to the NuStep program with the referral for follow-up treatment to ensure that the environment I am able to provide for my daughter is both safe and nurturing.

Cindy Barletta, LMSW, responded to this request in a letter attached as an exhibit to the end of this brief. In pertinent part, this letter states:

"Brian was assessed to be at low risk to reoffend upon his completion of treatment at NuStep on July 5, 2017. His risk has further decreased since his completion of treatment. Brian has matured as demonstrated by observation and discussion during the session on 08/22/2020. He is maintaining stable employment, a stable residence and is committed to being responsible for his family. Brian clearly articulated appropriate short term and long term goals. He is hoping to increase the family's financial situation searching for a higher paying employment. He reports he has received positive reviews for his skills, job performance, and his process of transitioning into a new company with increased pay. Ultimately, Brian is hoping to obtain a position with another business he is familiar with. His salary would be significantly increased with excellent benefits. The position requires out of territory and out of state travel which Brian is currently prohibited from doing due to his conditions of probation.

No further treatment is recommended. As stated previously, Brian's risk level is low. He demonstrates the ability and desire to be an excellent father to

his child and to be responsible for his family."

As is evident here, I returned to NuStep and underwent an evaluation there. I was assessed as needing no further treatment and that this program is satisfied that I am creating a good, safe, and nurturing environment for my daughter.
This shows that this Court's discretion was used appropriate, and it's concerns were valid. It also shows that those concerns have been addressed and are no longer a barrier to my early release.

For this reason, I re-urge my first request and ask that the Court recognize that my treatment provider has seen it appropriate to consider me safe for early release. Thus, this Court's requirements have been fulfilled and my release may now be granted with full faith that my daughter will be safely cared for.

## IV    NEW ARGUMENTS

As requested by the court, My 10 years of supervised release is January 31, 2024. Thus, this Court's requirements have been fulfilled and my release may now be granted with full faith that my rehabilitation is complete and my conduct will continue.

## CONCLUSION

Considering the denial order of the second motion I've submitted asked that I complete 10 years of supervision and my 10 year completion is arriving in January 31, 2024, I ask this Court to honor its denial order and its condition for 10 years of supervision as a contingency for early release.

Because that contingency has been satisfied, this Court should grant my renewed request.

Respectfully submitted on this 28 day of August, 2023.

_____
BRIAN CLAY
*Pro Se* Defendant, Movant

Page 6

CERTIFICATE OF SERVICE
FOR PRO SE DOCUMENTS

I, BRIAN CLAY, do hereby certify that I have served a true and correct copy of the following document,

**THIRD MOTION FOR EARLY TERMINATION
OF SUPERVISED RELEASE**

upon the court and the office of the United States Attorney:

**Lisa M. Fletcher**
Office of U.S. Attorney - Syracuse
100 South Clinton Street
P.O. Box 7198
Syracuse, NY 13261

**Clerk of the U.S. District Court**
Northern District of New York
P.O. Box 7367
100 S Clinton Street
Syracuse, NY 13261

by placing it in a sealed, postage prepaid envelope by United States Postal Mail

on the __28__ day of __August__, 2020.

_____
BRIAN CLAY
*Pro Se* Movant

Brian Clay
1323 State Rt. 12b Apt. 1
Hamilton NY 13346




Retail
U.S. POSTAGE PAID
PM
HAMILTON, NY 13346
AUG 28, 2023
13261
$9.55
RDC 01   0 Lb 3.80 Oz   R2305H128214-30



U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK
AUG 30 2023
RECEIVED

Clerk of the U.S. District Court
Northern District of New York
P.O. Box 7367
100 S Clinton Street
Syracuse, NY 13261





EXPECTED DELIVERY DAY: 08/30/23
USPS TRACKING® #
9505 5124 5666 3240 4785 49